1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CURTIS NUNEZ, JR.,                          No.  2:12-cv-2775 JAM KJN P

12                      Plaintiff,

13         v.                                     ORDER AND

14   K.M. PORTER, et al.,                         FINDINGS & RECOMMENDATIONS

15                      Defendants.

16

17         Plaintiff is a state prisoner, currently incarcerated at Calipatria State Prison.  Plaintiff

18   proceeds, in forma pauperis and without counsel, in this civil rights action filed pursuant to 42

19   U.S.C. § 1983.  The action proceeds on plaintiff's initial complaint, in which he raises claims of

20   retaliation for activity protected under the First Amendment, and under the Fourteenth

21   Amendment for due process violations.  Presently before the court are defendants' motion for

22   summary judgment (asserting that plaintiff failed to exhaust administrative remedies as to his

23   First Amendment retaliation claims against three of the four named defendants), and defendants'

24   motion to dismiss (asserting that plaintiff has failed to state a Fourteenth Amendment due process

25   claim against any defendant).  For the reasons set forth below, the undersigned denies defendants'

26   motion for summary judgment without prejudice, and recommends that defendants' motion to

27   dismiss be granted.

28   ////

1    I.  Procedural History

2        This case proceeds on the original complaint, against defendants K.M. Porter, D. Till,

3    S. Norton, and D. Caraballo,[1] each a correctional sergeant at California State Prison-Sacramento

4    ("CSP-SAC").  Plaintiff alleges that defendants retaliated against him for assisting another inmate

5    with prison grievances and civil litigation and/or for challenging defendants' retaliatory acts in an

6    administrative grievance.  According to plaintiff, each defendant variously filed, ratified, or

7    otherwise endorsed false disciplinary charges against him, or sought to intimidate him into

8    withdrawing his grievance.  (ECF No. 1.)  The complaint pleads claims under the First and

9    Fourteenth Amendments; plaintiff seeks damages, declaratory relief, and costs.

10       On March 26, 2014, the court filed an order and findings and recommendations addressing

11   defendants' prior motion to dismiss.  (ECF No. 36.)  The court recommended therein that

12   defendants Till, Norton, and Caraballo be dismissed from the action due to plaintiff's failure to

13   exhaust administrative remedies with respect to his First Amendment claims against them.  (Id. at

14   13.)  The court also recommended that plaintiff's Fourteenth Amendment claims be dismissed as

15   to all defendants for failure to state a claim.  (Id. at 16.)

16       Shortly thereafter, on April 7, 2014, the Ninth Circuit issued Albino v. Baca, 747 F.3d

17   1162 (9th Cir. 2014) (en banc), holding that challenges to a prisoner's claims based on a failure to

18   exhaust administrative remedies could no longer be raised by an "unenumerated Rule 12(b)

19   motion."  Instead, "[i]n the rare event that a failure to exhaust is clear on the face of the

20   complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Id. at 1166.  Otherwise, the

21   proper vehicle for raising the exhaustion defense is a motion for summary judgment under Rule

22   56.  Consequently, by order dated April 18, 2014, the undersigned withdrew the findings and

23   recommendations filed on March 26, 2014, denied defendants' motion to dismiss for failure to

24   exhaust administrative remedies, and granted defendants leave to file a motion for summary

25   judgment in which they could again raise the exhaustion defense.  (ECF No. 39.)

26

27   ───────────────
[1] Defendant Caraballo's name is spelled as "Carabello" in the operative complaint.  As the motions filed on his behalf in this action refer to him as "Caraballo," the court will use the latter
28   spelling herein.

Now pending before the court are the following:

- Defendants Caraballo, Till and Norton's motion for summary judgment, based on plaintiff's failure to exhaust available administrative remedies as to his First Amendment claims against them.[2]  (ECF No. 40.)  Plaintiff filed an opposition (ECF No. 48), and defendants filed a reply (ECF No. 51).

- Defendants Caraballo, Till, Norton, and Porter's motion to dismiss plaintiff's claims under the Fourteenth Amendment's Due Process Clause.  (ECF No. 44.) This motion is unopposed.

II.  Motion for Summary Judgment

In filing their motion for summary judgment, defendants Caraballo, Till, and Norton committed a procedural error.  The Local Rules of the Eastern District of California provide in pertinent part:

> Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact.  The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers.

Local Rule 260(a).  Defendants' points and authorities in support of their motion for summary judgment repeatedly reference a document entitled "Defendants' Separate Statement of Undisputed Facts."  Yet, they failed to file such a document with the court.[3]  Moreover, the proof of service filed with the summary judgment motion does not include a document with this (or any similar) title, indicating that the statement of undisputed facts was not served on plaintiff. Unsurprisingly, plaintiff's opposition also does not conform to the requirements of the Local Rules, which provide in pertinent part:

---

[2] Defendants concede that plaintiff exhausted his First Amendment claim against defendant Porter.  (ECF No. 40 at 1 n. 2.)

[3] Counsel for defendants communicated to the court that counsel drafted the separate statement of undisputed facts, but inadvertently failed to file and serve it.

3

1
2
3
4
5
6
7
8

> Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.  The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. [. . .]  If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

9   Local Rule 260(b).

10          As it appears that the parties inadvertently failed to comply with the requirements of Local

11  Rule 260, the court herein dismisses defendants' motion for summary judgment without prejudice

12  to its renewal.

13  III.  Motion to Dismiss

14          A.  Factual Background

15          The operative complaint alleges that while plaintiff was incarcerated at CSP-SAC, in the

16  Correctional Treatment Center ("CTC," also referred to as the "Taj Mahal"), he served as

17  Chairman of the "Men's Advisory Counsel" (sic) ("MAC"), and was a recognized "Prisoner

18  Laymen" [sic], known for his legal advocacy skills.  (Complaint, ECF No. 1 at 3-4.)  Plaintiff

19  alleges that inmate Giraldes, also housed in the CTC, "requested that plaintiff raise the issue of

20  obtaining the Antenna Wall Cable System for the inmates housed in the CTC at a Warden's

21  Meeting, so they could receive regular [programming] over the air channels."  (Id. at 3.)  When

22  the administrative request to the warden proved unsuccessful, plaintiff assisted Giraldes in filing a

23  related civil action.  Allegedly in retaliation for this advocacy, defendant Porter, a Correctional

24  Sergeant, authored three allegedly false disciplinary "write-ups" against plaintiff.  (Id. at 4.)

25  Plaintiff asserts that "two of the three write-ups resulted in CDC-128A, 'Custodial Counseling

26  Chronos,' which by [California Department of Corrections and Rehabilitation] policy cannot be

27  challenged for the purpose of having them removed from one's file."  (Id. at 5.)  According to the

28  complaint, this action resulted in a loss of plaintiff's privileges, and will prejudice him at his next

4

1    Parole Board Hearing.  (Id.)

2         The complaint identifies two "write-ups," without clearly explaining the third:  (1) Rules

3    Violation Report (RVR) Log No. A-11-07-002 ("Out of Bounds RVR"); and (2) RVR Log No.

4    A-11-08-003 ("Job Performance RVR").  (Id. at 4.)  However, documents previously filed by

5    plaintiff in this action identify the following matters:

6         1.  CDC 128-A (Custodial Chrono) Log No. FA8-208, dated May
          10, 2011:  Prepared by Correctional Sergeant Porter, finding that
7         plaintiff had talked through the back window of his workplace, the
          Canteen, to other inmates, despite having been previously and
8         repeatedly informed that the area is "Out-of-Bounds for loitering."
          (ECF No. 24 at 26.)
9
          2.  RVR Log No. A-11-07-002 ("Out-of-Bounds"), dated July 11,
10        2011:  Prepared by Correctional Sergeant Porter, reporting that
          plaintiff had again talked through the back window of the Canteen
11        to another inmate, despite prior disciplinary action for the same
          violation, and despite the fact that the area is clearly designated
12        "out of bounds."  Porter stated that he "again" spoke with Canteen
          Manager Harmon of the need to prevent such unauthorized conduct.
13        On July 30, 2011, Correctional Sergeant Till found plaintiff
          "guilty" of the charge.  Plaintiff received a CDC-128A (Counseling
14        Chrono) and 5-day loss of weekend yard privileges, without credit
          forfeiture.  (See ECF No. 24 at 22-23; see also ECF No. 26 at 11-
15        12.)

16        3.  RVR Log No. A-11-08-003 ("Job Performance"), dated August
          8, 2011:  Prepared by Correctional Sergeant Porter, reported that
17        plaintiff had posted an unauthorized sign in the Canteen window
          that read:  "Do not approach or talk to the canteen worker at this
18        window subject to a CDC-115 per Sergeant Porter."  (ECF No. 24
          at 24; see also ECF No. 26 at 13.)  Canteen Manager Harmon
19        reportedly stated that plaintiff "does canteen money checks for the
          inmates on the yard out the back window which is a violation of
20        current policy."  (Id.)   Sergeant Porter opined that "Canteen
          Manager Harmon is still allowing Nunez to break the rules of
21        working in A-Facility Canteen," and requested that plaintiff "be
          removed from the position of Canteen Clerk A-Facility . . . due to
22        his constant violation of the rules of his job."  (Id.)  On August 10,
          2011, Correctional Sergeant Norton found plaintiff "guilty" of the
23        charge.  Plaintiff was assessed "10 days loss of evening dayroom
          and telephone privileges," and "10 day loss of weekend yard
24        program," and was referred to the Institutional Classification
          Committee (ICC) for removal from his job assignment.  (ECF No.
25        26 at 13-14.)

26        4.  RVR Log No. A-11-08-003 led to Sergeant Porter's completion
          of another CDC 128-A (Counseling Chrono) Log No. FA8-205,
27        dated August 15, 2011.  (ECF No. 24 at 27.)

28   ////

5

The complaint alleges that defendant Till, also a Correctional Sergeant, was the hearing officer assigned to review the Out of Bounds RVR.  The complaint alleges that defendants Till and Porter are "friends," and that defendant Till "was often in the company of defendant Porter," and therefore biased against plaintiff.  (ECF No. 1 at 6, 7.)  The complaint alleges that, in response to plaintiff pleading "not guilty" to the charge, Till stated:  "'[A]lthough I know that you are innocent and were at your job assignment, I'm going to find you guilty and make you win on appeal.  This is what you get for backing that asshole Giraldes, and there will more if you keep up your shit and don't wise up. . . .'"  (Id. at 6.)  Plaintiff contends that defendant Till "used his position as the Disciplinary Hearing officer for this write-up to retaliate against plaintiff for him assisting inmate Giraldes as a MAC Member. . . ."  (Id.)  The complaint alleges that this disciplinary action was later dismissed by the Chief Disciplinary Officer because the allegations failed to meet the institutional criteria for being "Out of Bounds."  (Id. at 6 n.2.)

The complaint further alleges that, on August 10, 2011, defendant Norton, another Correctional Sergeant, and also an alleged friend of Porter, was assigned as the hearing officer to consider plaintiff's disciplinary write-up concerning the Job Performance RVR.  The complaint alleges that plaintiff's "supervisor, Ms. Harmon[,] clearly stated to defendant Norton on the day of the hearing that she asked plaintiff to put up the sign that led to the 'Poor Job Performance write-up.'  He [Norton] did not allow her testimony at the hearing.  Norton stated, 'I don't care what you have to say, you can't help him. . . .'"  (Id. at 8.)  The complaint alleges that Norton "knowingly found plaintiff guilty for the write-up authored by defendant Porter, even though he was told by plaintiff's civilian work supervisor that she instructed plaintiff to put the sign up." (Id. at 7.)  The complaint alleges that Norton, like Till, was a friend of Porter, and acted in tandem with the other defendants to retaliate against plaintiff for exercising his First Amendment rights.

The complaint next alleges that plaintiff filed an administrative grievance ("Form 602 appeal") asserting that defendants were retaliating against plaintiff for the exercise of his First Amendment rights.  Defendant Caraballo, a Correctional Sergeant, was assigned as the First Level reviewer of the grievance.  Plaintiff alleges that Caraballo commenced the First Level Review on October 6, 2011, in the prison canteen.  (Id. at 9.)  On October 7, 2011, defendant

1   Caraballo allegedly summoned plaintiff to the CTC, where he asked plaintiff more questions in

2   the presence of defendant Till and another unnamed Correctional Sergeant; Till was seated behind

3   plaintiff.  (Id.)  The complaint alleges that Caraballo and Till tried to persuade plaintiff to cancel

4   the grievance, as Caraballo had allegedly tried to convince plaintiff the day before.  When

5   plaintiff refused, Caraballo allegedly asked, "Who was the Hearing Officer again on the Out of

6   Bounds write-up?"  Plaintiff was required to identify Till.  Caraballo denied plaintiff's grievance

7   in a written decision issued October 11, 2011.  (Id.)  The complaint alleges that Caraballo and Till

8   sought to intimidate plaintiff at the hearing, and that this conduct, together with Caraballo

9   "upholding" the allegedly unsupported "guilty finding" on the Out of Bounds RVR charge, were

10  retaliatory acts against plaintiff for using the administrative appeals process.[4]  (Id.)

11       B.  Standard

12       Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

13  "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

14  considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

15  must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

16  (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v.

17  McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

18  1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more

19  than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a

20  cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

21  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

23  upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.

24  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

25  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556

26

27  [4] The complaint further alleges that the next day, on October 8, 2011, "they" (referencing Porter
    and/or Till and/or Caraballo) further retaliated when they "falsified the reason to remove plaintiff
28  and the MAC Body Members from their MAC Room."  (ECF No. 1 at 7.)

1  U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes

2  of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Reiner & Co.,

3  896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

4       A motion to dismiss for failure to state a claim should not be granted unless it appears

5  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

6  entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se

7  pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

8  404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz

9  v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal

10 interpretation of a pro se complaint may not supply essential elements of the claim that were not

11 pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

12      C.  Analysis

13      The complaint's only allegation with respect to plaintiff's Fourteenth Amendment claim is

14 as follows:  "[Defendant] Porter's actions [in authoring the challenged disciplinary write-ups]

15 resulted in plaintiff losing privileges that are protected under the Due Process Clause of the

16 Federal Constitution, i.e., loss of yard privileges."  (ECF No. 1 at 5.)

17      For a prisoner to state a claim for deprivation of due process under the Fourteenth

18 Amendment, he must allege that an identified state actor denied him a specific liberty interest.

19 Sandin v. Connor, 515 U.S. 472, 483-84 (1995).  While "prisoners do not shed all constitutional

20 rights at the prison gate . . . lawful incarceration brings about the necessary withdrawal or

21 limitation of many privileges and rights . . . ."  Id. at 485 (internal citations and quotation

22 omitted).  As a result, the "procedural guarantees of the Due Process Clause" are only invoked by

23 "the type of atypical, significant deprivation in which a State might conceivably create a liberty

24 interest."  Id. at 486, 487.  These procedural guarantees include:  (1) advance written notice of at

25 least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when

26 consistent with institutional safety and correctional goals, to call witnesses and present

27 documentary evidence in his defense; (4) assistance for illiterate inmates or in complex cases; and

28 (5) a written statement by the fact-finder of the evidence relied on and the reasons for the

8

1    disciplinary action.  Wolff v. McDonnell, 418 U.S. 539, 563–67 (1974).  The Ninth Circuit has

2    held that prisoners have a liberty interest in outdoor exercise, but the right to outdoor exercise is

3    not absolute, and may yield to other considerations.  Norwood v. Vance, 591 F.3d 1062, 1068-69

4    (9th Cir. 2009).

5         Defendants correctly assert that "[w]ith regard to Defendants Caraballo, Norton, and Till,

6    Plaintiff fails to allege any supporting facts or provide an explanation for the alleged due process

7    violation."  (ECF No. 44 at 6.)  It therefore appears that the complaint fails to state a Fourteenth

8    Amendment due process claim against these defendants.

9         As for defendant Porter, while plaintiff has alleged that she "falsified three disciplinary

10   actions," (ECF No. 1 at 4), and that this falsification "resulted in plaintiff losing privileges," (id.

11   at 5), plaintiff has not alleged a deprivation of procedural due process in the course of these

12   proceedings.  For example, he has not alleged that, while the allegedly false disciplinary reports

13   were being considered, he was denied the minimal due process guarantees called for by Wolff,

14   418 U.S. at 539, such as a timely hearing or an opportunity to present witnesses or evidence.

15   Further, he has failed to allege that any denial of procedural due process was due to specific

16   actions undertaken by defendant Porter.  Therefore, it appears that plaintiff has offered nothing

17   more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere

18   conclusory statements," Iqbal, 556 U.S. at 678, which is insufficient to state a claim.

19        Plaintiff did not file an opposition to the instant motion to dismiss.  However, he did file

20   an opposition to defendants' previous motion to dismiss, which challenged his due process claim

21   on the same grounds.  Defendant therein explained that his due process claim was based on his

22   anticipated loss of liberty should the Board of Parole Hearings, at plaintiff's next parole hearing,

23   deny plaintiff parole due to the allegedly-false disciplinary findings.  (ECF No. 26 at 5.)  In

24   support, plaintiff submitted a copy of his January 5, 2010 parole denial, which recommends, in

25   anticipation of plaintiff's next parole hearing in 2017, that he "stay disciplinary free," receive "no

26   more 115's or 128A's," and "earn positive chronos."  (Id. at 16-17.)

27        There is no authority to find that the Board of Parole Hearings' anticipated reliance on the

28   subject disciplinary findings states a Fourteenth Amendment due process claim against defendant

9

1  Porter.

2        Accordingly, the court recommends that defendants' motion to dismiss plaintiff's

3  Fourteenth Amendment claims be granted as to all defendants.

4  IV.  Conclusion

5        Based on the foregoing, IT IS HEREBY ORDERED that:

6        1.  Defendants' motion for summary judgment (ECF No. 40) is denied without prejudice.

7        2.  Defendants are granted leave to file and serve, within fourteen days of filing of this

8            order, a motion for summary judgment on the grounds that plaintiff failed to properly

9            exhaust administrative remedies with respect to his retaliation claims against Till,

10           Norton, and Caraballo.  The motion, if any, should be supported by a separate

11           statement of undisputed facts that conforms to the requirements of Local Rule 260.

12       In addition, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss

13  plaintiff's Fourteenth Amendment claim (ECF No. 44) be granted as to all defendants.

14       These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

19  objections shall be served and filed within fourteen days after service of the objections.  The

20  parties are advised that failure to file objections within the specified time may waive the right to

21  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  Dated:  February 12, 2015

23

24                                    _____
                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE
25  /nune2775.msj.mtd

26

27

28
                                      10