UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS NUNEZ, JR., | No. 2:12-cv-2775 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| K. M. PORTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the original complaint against Officer Porter, the sole remaining defendant, for alleged retaliation in violation of plaintiff's First Amendment rights. Defendant's summary judgment motion is pending. This order addresses various motions filed by plaintiff.

I.   Motion for Safe Teleconference

On December 11, 2016, the court received plaintiff's motion requesting that the court ensure plaintiff's safety during his deposition. (ECF No. 76.) As it appears plaintiff's deposition was taken without incident on or about December 16, 2015, plaintiff request is denied as moot.

II.   Motion to Produce Witnesses at Trial

Plaintiff also filed a motion to produce witnesses at trial. (ECF No. 79.) As plaintiff's case has not yet been set for trial, nor survived summary judgment, plaintiff's motion is

premature and is denied.

   III. <u>Motion to Stay Defendant's Summary Judgment Motion and Reopen Discovery</u>

  In the instant case, the deadline for conducting discovery expired on December 25, 2015. (<u>See</u> ECF No. 70.) Defendant Porter, the sole remaining defendant, filed a motion for summary judgment on February 25, 2016. (ECF No. 77.) In response, plaintiff filed a request to stay defendant's summary judgment motion pending additional discovery. (<u>See</u> ECF No. 81.) In his request, asserts that he was unfairly denied the opportunity to conduct discovery with respect to defendant Porter due to his pro se status and confusion over the different "phases" of the instant lawsuit. (<u>See</u> <u>id.</u> at 1-3, 8.) Plaintiff apparently believed that the discovery permitted thus far pertained only to the issue of exhaustion of administrative remedies related to now-dismissed defendants Caraballo, Till, and Norton. Plaintiff asserts that he did not understand that he could conduct discovery as to defendant Porter, because Porter "was not part of the exhaustion phase," and that it would be unfair for plaintiff, as a pro se prisoner, to lose his opportunity to conduct discovery because of his ignorance of the law. (<u>See</u> <u>id.</u>)

  Defendant Porter opposed the motion, asserting that plaintiff has not shown good cause to reopen discovery. (ECF No. 81 at 1.) Defendant asserts that plaintiff was aware that the discovery deadline applied to defendant Porter, as defendant Porter was the only remaining defendant at the time the Discovery and Scheduling Order was issued. (<u>Id.</u>) Defendant further asserts that plaintiff served defendant Porter with discovery requests (which defendant did not respond to on timeliness grounds), and therefore must have known he could conduct discovery as to defendant Porter. (<u>Id.</u> at 2-3.) Finally, defendant asserts that further discovery is unnecessary, as plaintiff has personal knowledge of the facts he will rely on to oppose defendant's summary judgment motion. (<u>Id.</u> at 1.)

  A. <u>Legal Standards</u>

  Where a party requests to reopen discovery after discovery has closed, the request also must meet the requirements of Federal Rule of Civil Procedure 16. Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause. The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. <u>Johnson</u>

2

v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. The Court has wide discretion to extend time, Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996), provided a party demonstrate some justification for the issuance of the enlargement order. Fed. R. Civ. P. 6(b)(1); Ginett v. Fed. Express Corp., 166 F.3d 1213 at *5 (6th Cir. 1998).

### B. Procedural Background

The following background is relevant to plaintiff's explanation as to why he did not understand the timeframe for conducting discovery related to defendant Porter.

The operative complaint, ECF No. 1, was filed on November 9, 2012. The complaint named four defendants: Porter, Caraballo, Till, and Norton. (See ECF No. 1.) Upon screening, the court found that the complaint stated potentially cognizable claims against all four defendants for violations of plaintiff's First and Fourteenth Amendment rights. (ECF No. 8.)

On April 11, 2013, defendants filed their initial motion to dismiss plaintiff's claims against defendants Caraballo, Till, and Norton on the ground that plaintiff failed to exhaust administrative remedies before filing suit. (ECF No. 20.) For reasons not directly relevant here,[1]

---

[1] The procedural history was summarized in the court's May 14, 2015 Findings and Recommendations, ECF No. 62 at 5-6, as follows:

> On March 26, 2014, the court filed an order and findings and recommendations addressing defendants' initial motion to dismiss. (ECF No. 36.) The court recommended therein that defendants Till, Norton, and Caraballo be dismissed from the action due to plaintiff's failure to exhaust administrative remedies with respect to his First Amendment claims against them. (Id. at 13.) The court also recommended that plaintiff's Fourteenth Amendment claims be dismissed as to all defendants for failure to state a claim. (Id. at 16.)
>
> Shortly thereafter, on April 7, 2014, the Ninth Circuit issued Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), holding that challenges to a prisoner's claims based on a failure to exhaust administrative remedies could no longer be raised by an "unenumerated Rule 12(b) motion." . . . Consequently, by order

3

the issue of exhaustion was not resolved until over two years later, when the undersigned issued findings and recommendations on May 14, 2015, recommending that defendants' February 24, 2015 motion for summary judgment be granted, and plaintiff's claims against defendants Caraballo, Till, and Norton be dismissed without prejudice as unexhausted. (ECF No. 62.) This recommendation was adopted in full by the district judge on July 9, 2015. (ECF No. 64.)

On July 30, 2015, defendant Porter, the only remaining defendant, answered the complaint. (ECF No. 66.)

On August 6, 2015, plaintiff constructively filed a Notice of Appeal.[2] (ECF No. 68.) In his appeal, plaintiff challenged the dismissal of his claims against Till and Norton on exhaustion grounds. (See id. at 1-2.) On August 11, 2015, plaintiff was served with a notification from the

---

> dated April 18, 2014, the undersigned withdrew the findings and recommendations filed on March 26, 2014, denied defendants' motion to dismiss for failure to exhaust administrative remedies, and granted defendants leave to file a motion for summary judgment in which they could again raise the exhaustion defense. (ECF No. 39.)
>
> On June 5, 2014, defendants filed a renewed motion to dismiss plaintiff's Fourteenth Amendment claims as to all defendants for failure to state a claim. (ECF No. 44.) Two weeks earlier, defendants Till, Norton, and Caraballo had filed a motion for summary judgment contending that plaintiff had failed to exhaust administrative remedies with respect to his First Amendment claims against them. (ECF No. 40.) However, defendants committed a procedural error by failing to file and serve a separate statement of undisputed facts in support of their motion for summary judgment, despite repeatedly referencing such a statement in their points and authorities. Accordingly, the court issued findings and recommendations recommending that defendants' motion to dismiss plaintiff's Fourteenth Amendment claims be granted and ordering that the motion for summary judgment be denied without prejudice to its re-filing within 14 days. (ECF No. 52.) On March 23, 2015, the assigned district judge adopted these findings and recommendations in their entirety.
>
> On February 24, 2015, defendants Caraballo, Till and Norton filed a renewed motion for summary judgment, based on plaintiff's failure to exhaust available administrative remedies as to his First Amendment claims against them,[1] and supported by a separate statement of undisputed facts. (ECF No. 53.)

[2] Because plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

4

court that his appeal had been processed to the Ninth Circuit Court of Appeals. (See ECF No. 69.)

Also on August 11, 2015, the undersigned issued a Discovery and Scheduling Order (DSO). (ECF No. 70.) The DSO provided that the parties could conduct discovery until December 25, 2015 and that all discovery requests should be served not later than sixty days prior to that date. (ECF No. 70.) The deadline for the filing of pretrial motions, except motions to compel discovery, was set for February 26, 2016. (See ECF No. 70.)

On September 16, 2015, the Ninth Circuit Court of Appeals dismissed plaintiff's appeal for lack of jurisdiction. (See ECF No. 72.) On October 13, 2015, the judgment of the Ninth Circuit took effect. (ECF No. 73.)

According to defendant Porter, on December 3, 2015,[3] plaintiff served a Request for Admissions and Request for Production of Documents on defendant Porter. (See ECF No. 81-1 at 2.) In response, counsel for defendant Porter sent plaintiff a letter informing him that because the discovery deadline had passed,[4] defendant would not be responding to plaintiff's discovery requests.[5] (See id.)

On December 18, 2015, counsel for defendant Porter took plaintiff's deposition.

On February 25, 2016, defendant filed a motion for summary judgment. (ECF No. 77.) Plaintiff's motion to stay defendant's summary judgment motion and reopen discovery was constructively filed on March 14, 2016. (ECF No. 80.)

C. Discussion

The undersigned finds that plaintiff has not established good cause to re-open discovery for all purposes. While plaintiff asserts that he believed the August 11, 2015 Discovery and Scheduling Order pertained only to defendants Till, Caraballo, and Norton, and did not realize he

---

[3] It is not entirely clear whether December 3, 2015 is the date plaintiff delivered his requests to prison authorities for mailing, or the date defendant received the requests.

[4] Defendant Porter explains in her opposition that plaintiff's requests should have been served by October 26, 2015, sixty days before the December 25, 2015 discovery deadline.

[5] Defendant Porter does not indicate when this letter was sent to plaintiff.

5

could conduct discovery related to defendant Porter, it is apparent from the fact that plaintiff eventually served defendant Porter with discovery requests that plaintiff later understood he could conduct discovery related to defendant Porter. At that time, on or about December 3, 2015, plaintiff chose to serve defendant Porter with one set of Request for Admissions and one set of Requests for Production of Documents, and no additional requests. As plaintiff apparently understood before discovery closed on December 25, 2015, that he could serve defendant Porter with discovery requests, yet chose to serve no additional requests, the court does not find good cause to reopen discovery for all purposes or permit plaintiff to serve any new discovery requests on defendant Porter.

However, with respect to the discovery requests that plaintiff already served on defendant Porter, the court is concerned that the protracted procedural history in this case related to defendants' motions to dismiss and motions for summary judgment on exhaustion grounds may have contributed to plaintiff's confusion and subsequent delay in serving his discovery requests. As explained above, the issue of exhaustion in this case was litigated for two years, and on the same day the DSO was issued with respect to defendant Porter, plaintiff was served with a notification that his appeal challenging the dismissal of defendants Till and Norton on exhaustion grounds had been filed in the Ninth Circuit. The judgment of the Ninth Circuit dismissing plaintiff's appeal on the matter of exhaustion did not become final until October 13, 2016, only 13 days before plaintiff should have served his discovery requests on defendant Porter in order to comply with the requirement that discovery requests be served sixty days prior to the December 25, 2015 discovery deadline. While plaintiff was certainly mistaken in his initial belief that the DSO applied to the "exhaustion phase" and did not apply to defendant Porter, plaintiff's confusion over the procedural developments in this case is understandable, in light of plaintiff's then-ongoing appeal to the Ninth Circuit on the issue of exhaustion.

Pro se litigants are not held to the same standards as attorneys, see Walker v. Karela, 2009 WL 3075575, *1 (E.D. Cal. 2009), and courts have a duty to "ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements," Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). Given

1  plaintiff's status as prisoner proceeding pro se, plaintiff's apparent confusion regarding the
2  discovery and scheduling order and the resolution of defendants' claim that plaintiff failed to
3  exhaust administrative remedies, and the fact that plaintiff served his discovery requests before
4  discovery closed on December 25, 2015, the court finds good cause to reopen discovery for the
5  limited purpose of requiring defendant Porter to respond to plaintiff's previously-served
6  discovery requests.

7  Therefore, defendant Porter shall be required to respond to the Request for Admissions
8  and Request for Production of Documents that plaintiff previously served on defendant.[6]
9  Discovery shall be reopened for the limited purpose of allowing defendant Porter to serve her
10  responses to these requests on plaintiff.  Plaintiff shall not be permitted to serve any new
11  discovery requests on defendant Porter.

12  Defendant's pending motion for summary judgment is denied without prejudice to its
13  renewal following service of defendant's discovery responses on plaintiff.  Defendant is not
14  required to re-file the previous summary judgment motion *in toto*, but may simply re-notice the
15  motion and refer to the prior pleadings.

16  In opposition to such re-notice, plaintiff shall file a complete opposition, which includes
17  the "objections" to defendant's summary judgment motion contained in the instant motion to
18  reopen discovery.  Plaintiff is cautioned that the court will not read or rely on the objections
19  contained in his motion to reopen discovery, but expects plaintiff's opposition to be complete in
20  itself.  Following the filing of plaintiff's opposition, defendant may file a reply.  Defendant's
21  reply shall be complete in itself, with the exception that defendant may refer to the previously
22  filed exhibits without re-filing.

23  ////
24  ////

---

[6] The court recognizes that, in connection with her motion for summary judgment, defendant Porter may have already provided plaintiff with the documents identified in plaintiff's Request for Production of Documents.  If that is the case, defendant Porter may indicate as much in the responses she serves on plaintiff, and need not provide the documents to plaintiff again.  However, because the court has not been provided with a copy of plaintiff's discovery requests, the court cannot determine whether plaintiff's requests are now moot.

IV. <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a safe teleconference (ECF No. 76) is denied.
2. Plaintiff's motion to produce witnesses at trial (ECF No. 79) is denied.
3. Plaintiff's motion to reopen discovery (ECF No. 80) is granted in part and denied in part. It is granted to the extent that discovery will be reopened for the limited purpose of allowing defendant Porter to respond to the Request for Admissions and Request for Production of Documents plaintiff served on defendant on December 3, 2015. Defendant Porter shall serve her responses to plaintiff's discovery requests within thirty days from the filing date of this order. In all other respects, plaintiff's motion to reopen discovery is denied. Plaintiff will not be permitted to serve any new discovery requests on defendant Porter.
4. Defendant's motion for summary judgment (ECF No. 77) is denied without prejudice to its renewal after defendant has served her responses to plaintiff's discovery requests. Defendant is not required to re-file the motion and supporting documents, but may reference the prior filings in the notice.
5. Plaintiff shall file an opposition, or statement of non-opposition, to the re-noticed motion within thirty days after the notice is served. Defendant's reply, if any, shall be filed within twenty-one days thereafter.
6. Plaintiff's motion for an extension of time to oppose defendant's motion for summary judgment time (ECF No. 80 at 8) is denied as moot.

Dated: September 27, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/nune2775.disc. renotice

8