UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS NUNEZ, JR., | No. 2: 12-cv-2775 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| K.M. PORTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, plaintiff's request for defendant to provide him with an unredacted copy of the emails provided to him in response to a request for production of documents is denied.

On September 27, 2016, the undersigned granted in part and denied part plaintiff's motion to reopen discovery. (ECF No. 82.) The undersigned ordered defendant to respond to the request for admissions and request for production of documents served by plaintiff on December 3, 2015. (Id.)

After receiving defendant's response to his discovery responses, plaintiff filed a motion for in camera review. (ECF No. 84.) Plaintiff alleged that defendant provided him with two redacted emails. (Id.) Plaintiff requested that the court conduct an in camera review of the unredacted versions of the emails to determine whether the information was relevant. (Id.)

1

1 | On November 22, 2016, defendant filed a pleading stating that he did not oppose the
2 | court's in camera review of the unredacted emails. (ECF No. 85.) On January 19, 2017, the
3 | undersigned ordered defendant to submit the at-issue, unredacated emails for in camera review.
4 | (ECF No. 86.)

On February 8, 2017, defendant submitted the at-issue unredacted emails for in camera review. After reviewing the emails, the undersigned found that the redacted information was most likely not relevant. However, in an abundance of caution, on February 10, 2017, the undersigned ordered plaintiff to submit the request for production of documents relevant to the at-issue emails so that the undersigned could make a final determination regarding relevancy. (ECF No. 88.)

On February 23, 2017, plaintiff filed a response to the February 10, 2017 order. (ECF No. 89.) Plaintiff did not provide the court with the request for production of documents relevant to the at-issue emails. Instead, plaintiff's February 23, 2017 pleading appeared to be a newly drafted request for production of documents in which he sought documents that "express … defendant's unprofessional conduct" and that would be relevant to proving defendant's bias, prejudice and indifference toward plaintiff.

On March 17, 2017, the undersigned issued an order clarifying the February 23, 2017 order. (ECF No. 91.) The undersigned clarified that plaintiff was directed to submit to the court the request for production of documents that resulted in defendant's production of the at-issue emails. (Id.) Plaintiff was granted fourteen days to submit this document. (Id.)

On April 3, 2017, plaintiff filed a response to the March 17, 2017 order. (ECF No. 92.) In this pleading, plaintiff again failed to provide the request for production of documents that resulted in defendant's production of the at-issue emails. Instead, plaintiff argues that defendant should be ordered to provide him with the unredacted emails.

The undersigned has again reviewed the unredacted emails submitted for in camera review and finds that they are not relevant to plaintiff's case. Accordingly, plaintiff's request for defendant to provide him with the unredacted emails is denied.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the unredacted emails contained in his motion for in camera review (ECF No. 84) is denied;

2. The Clerk of the Court is directed to file, *under seal,* the unredacted emails provided by defendant for in camera review on February 8, 2017;

3. Within fourteen days of the date of this order, defendant shall re-notice the previously filed summary judgment motion; plaintiff's opposition is due within thirty days after the notice is served; defendant's reply, if any, is due within twenty-one days thereafter.

Dated: April 10, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Nun2775.ord